## Barr v. Hueter.

*Trespass—Res adjudicata—Record of former action as evidence—Negligence—Automobiles.*

1. Whilst the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar or, as evidence, conclusive between the same parties in the same matter directly in question in another court, and the judgment of a court of exclusive jurisdiction directly upon the point is in like manner conclusive upon the same matter between the same parties coming incidentally in question in another court for a different purpose, neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.

2. Where A and B, driving their respective automobiles, collided on a public highway, and A sued B in trespass for damages upon the ground of negligence, and upon trial there was a verdict and judgment for B, and B thereupon brought an action against A, alleging negligence in the latter as the cause of the collision, it was error for the court to admit in evidence the record of the first action as an adjudication of the right of B to recover against A.

Trespass. Rules for new trial and judgment *non obstante veredicto.* C. P. Berks Co., Dec. T., 1921, No. 49.

*Joseph R. Dickinson,* for defendant and rules; *Cyrus G. Derr,* contra.

ENDLICH, P. J., Dec. 23, 1922.—Barr and Hueter, driving their respective automobiles, collided on a public highway. Hueter sued Barr in trespass in this court, to No. 26, February Term, 1921, for damages upon the ground of Barr's alleged negligence. The case was tried, and there was a verdict and judgment for Barr. Thereupon Barr brought this action of trespass against Hueter, alleging negligence in the latter as the cause of the collision. At the trial, the plaintiff offered in evidence the record of the action to No. 26, February Term, 1921, and the offer being admitted against defendant's objection, and evidence heard as to the damages and their amount subsequently fixed by agreement, a verdict was directed by the court for the plaintiff and these rules for a new trial and for judgment *non obstante veredicto* entered. The direc-

tion of the verdict was the only matter relied upon at the argument by defendant.

The contention on the part of the plaintiff seems to be that, the alleged negligence on the part of Hueter being a possible element in the first action, the judgment in that case was an adjudication of the right of Barr to recover against Hueter.

The contention on the part of the defendant is that the rule of *res adjudicata* does not apply in this case because it is unascertained upon what ground the jury found in the former case in favor of Barr, there being several grounds on which the verdict may have been based. The plaintiff may not, in the opinion of the jury, have established negligence on the part of the defendant, thus justifying the verdict without convicting the other party of negligence. Or, whilst the plaintiff may have established negligence on the part of the defendant, and the jury so found, yet he may have appeared himself guilty of negligence, in which event, again, the verdict would have been as it was. Or the occurrence may have been an unavoidable accident, without any negligence in either party to it, and the verdict based upon such a finding. None of these findings would imply any liability of the defendant to the plaintiff in this case. On the contrary, an analysis of them shows that there is lacking in all of them one or the other of the elements necessary to a recovery in this case, viz., negligence in the defendant and absence of negligence in the plaintiff.

As far back as Hibshman *v.* Dulleban, 4 W. 183, it was laid down that the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, or, as evidence, conclusive between the same parties in the same matter directly in question in another court, and that the judgment of a court of exclusive jurisdiction directly upon the point is in like manner conclusive upon the same matter between the same parties coming incidentally in question in another court for a different purpose; but neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment. And this rule seems never to have been departed from in Pennsylvania. It is virtually reasserted in Lentz *v.* Wallace, 17 Pa. 412, 415; and, as pointed out in Coleman's Appeal, 62 Pa. 252, 272, and, indeed, in Hibshman *v.* Dulleban, 4 W. 183, in order to invest the judgment with a conclusive effect, it must appear that the particular controversy sought to be concluded was necessarily tried and determined in the prior suit—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered to have settled that matter between the parties, and in cases in which the record itself does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the extrinsic evidence that the matter was properly within the issue in controversy in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be conclusive. Where, however, the judgment might have been obtained upon either of several grounds, it cannot be said that any of them were directly in issue in the suit, nor can it be inferred by argument from the judgment that such facts were established: Lentz *v.* Wallace, 17 Pa. 412, 415. See, also, Bell *v.* Allegheny County, 184 Pa. 296, 302.

Under the authorities just cited, it would appear that the judgment in the former suit between these parties is not entitled to be given the effect which was given to it at the trial of this action. The logical consequence of that

conclusion is that there was no evidence offered at that trial in support of the plaintiff's allegation. Therefore, defendant insists that judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, should now be entered in his favor. It does not, however, seem fair to make such disposition of the case at this time. If the court had declined to take the view of the plaintiff at the trial as to the effect of the record in No. 26, February Term, 1921, no doubt the plaintiff would have endeavored to prove his case without regard to the question of res adjudicata; but the ruling of the court rendered that unnecessary. It now appearing that that ruling was erroneous, justice would seem to require that the plaintiff be afforded an opportunity to substantiate his claim otherwise if he can.

The rule for judgment n. o. v. is discharged, and the rule for a new trial is made absolute. From Wellington M. Bertolet, Reading, Pa.