| 2 | 85 |
| 135 | 175 |

## Mullen *v.* Morris.

1. The recital of notice to endorsers, in a foreign protest, is no objection to its going to the jury.
2. Printed books, professing to be the statutes of a sister state, admissible as primâ facie evidence of the law of that state.
3. Offer to return claims received, to be collected and applied to payment of debts, is sufficient, unless some be lost through negligence in proceeding thereon.
4. Endorser is liable for interest on a bill according to the law of the place on which it is drawn.

Error to the Common Pleas of Northampton county.

*Dec.* 17.—Morris brought an action against the endorser, on a bill of exchange drawn in and on New York, and dated Easton, Pennsylvania.

H

He proved notice of protest, and also, under exception, gave in evidence the protest reciting the fact.

Defendant proved the receipt by a witness of the plaintiff, who was an agent of Morris, of certain securities, which, when collected, were to be credited on the note, with the privilege of returning them at any time, and then objected to him as interested.

Plaintiff proved an offer to return the securities two years after. He also read the printed statutes to prove the rate of New York interest.

The court left the questions of notice, offer to return, and whether by delay in suit any were lost, to the jury, who found for plaintiff with seven per cent. interest.

*Maxwell* and *J. M. Porter*, for plaintiff.—On the protest, Fitler *v.* Morris, 6 Wharton, 415. The offer to return was insufficient; it was his duty to collect. Chit. on Cont. 475, 534. Interest should have been according to the law of Pennsylvania. Story, Confl. Law, sect. 315.

*Reeder*, for defendant.—The protest was not shown to prove notice, which was shown aliunde. It is evidence. Morris *v.* Freeman, 1 Dall. 193; 20 Johns. 168, as to interest. The guarantee is of the drawee. Ludlow *v.* Bingham, 4 Dall. 61; Golden *v.* Price, 3 Watts C. C. Rep. 313; Story, Confl. Law, sects. 286, 291.

*Jan.* 5.   BURNSIDE, J.—1. The only ground urged in this court, to maintain the first bill of exceptions, is, that the witness Peter Morris, who was the brother of John Morris, the plaintiff, was interested. We are unable to discover that he had any interest in the verdict.

2. The second exception was to the admission in evidence of the bill of exchange, and the certificate of protest accompanying it. The handwriting of Mullen, the drawer of the bill, had been proved. The deposition of Campbell, the New York notary, had been duly taken and was in evidence; proving that on the evening of the day he protested the bill, he put into the post-office of the city of New York notice of protest of the bill, directed to Patrick Mullen, Easton, Pennsylvania. The universal law is, that the seal of a notary public is judicially taken notice of by the courts; he being an officer recognised by the whole commercial world. 1 Greenleaf, Evid. 535. But the learned counsel complains, that the bill and protest were sent out with the jury. There was no special exception to the protest going out; nor would it have availed, for the universal practice of Pennsylvania is to send out with the jury all papers given in evidence; depositions are never sent, except by consent. The fact of notice to the drawer was proved by the oath of the notary as well as stated in his protest.

3. The plaintiff offered and gave in evidence a printed book, styled "The revised Laws of New York," and offered to read from page 771.

This forms the third bill of exceptions. In the Supreme Court of the United States, and I believe in every state of the Union, in accordance with the connection and constitutional ties binding them together, the rule has been relaxed, which requires foreign laws to be verified with the sanction of an oath: hence printed volumes, purporting to be on the face of them the laws of a sister state, are admissible as primâ facie evidence, to prove the statute laws of that state. 1 Greenleaf's Evid. sects. 488, 489; 4 Cranch, 384; 6 Binn. 321; 12 Serg. & Rawle, 203.

To the charge of the court, two errors have been assigned.

1. That the court erred "in what they said in the charge respecting the liability of the plaintiff in not returning the claims left with him." The best answer is, to inquire what the court did say, and we find the charge to be clear and correct on this subject, viz., "It is said that the plaintiff was bound to return some claims that were put in his hands to meet this claim, and that he has not done so. If this is so, he must stand charged with them. There is proof that an offer to return was made. If this is so, that is enough. It is all he could do, and removes all ground of complaint on this head. It is said the plaintiff did not duly prosecute these claims, and that they have been lost. If this is true and the debts are lost, or their recovery endangered, it would be a defence to this amount."

The last error complained of was, that the judge directed the jury to allow New York interest. In this he was clearly right, for the law seems to be settled that interest is to be paid according to the law of the place where contracts are to be performed. Story's Conflict of Laws, 2d ed. 242, 243. Here this bill was drawn in Easton, on T. B. Wright, of the city of New York. It was accepted, and of course payable there. Protested for non-payment in that city, the holder was entitled to New York interest.

The judgment is affirmed.