## FRANK CLARK v. G. A. SEARIGHT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF CUMBERLAND COUNTY.

Argued May 1, 1890—Decided May 19, 1890.
[To be reported.]

A promissory note, not made payable by express stipulation at any partic-
ular place, is payable at the place where it was made, and is therefore
governed by the law of that place as to the rate of interest collectible
before and after maturity; the act of May 28, 1858, P. L. 622, having
no bearing upon contracts made and to be performed outside the state.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 405 January Term 1890, Sup. Ct.; court below, No. 57
May Term 1889, C. P.

To the number and term of the court below, Frank Clark
brought foreign attachment in assumpsit against G. A. Searight,
and on January 31, 1890, there was filed an agreement stating
the following case for the opinion of the court, in the nature
of a special verdict:

The defendant on December 3, 1885, made and delivered to
plaintiff, at Indianola in the state of Iowa, for a valuable con-
sideration, a promissory note of which the following is a copy:

$1349.82.                              INDIANOLA, Ia., Dec. 3, 1885.

One year after date for value received I promise to pay to
Frank Clark or order one thousand three hundred and forty-
nine and eighty-two hundredths dollars, with interest from date
at 10 per cent.                              G. A. SEARIGHT.

The said note is indorsed as follows: "May 1, 1886, received
of H. Yeoman $46 for wagon bought at sale and no note given."
No other payment has been made on the note.    Under the laws
of the state of Iowa, interest on notes at the rate of ten per cen-
tum per annum is lawful and not usurious, and when specified
in a note can be recovered in full by action in that state at that
rate both before and after the maturity of the note up to the
date of judgment upon it.

If the court be of opinion that plaintiff is entitled to recover in this action interest on said note at the rate of ten per centum per annum both before and after its maturity, then judgment shall be entered for plaintiff against defendant for the sum of $1,847.07, with interest from February 3, 1890; but, if the court shall be of a different opinion, then judgment shall be entered for plaintiff against defendant for such amount as in law the court shall consider plaintiff is entitled to recover on said note.

After argument, the court, SADLER., P. J., filed the following opinion and decree :

" We are satisfied that under the determinations of the courts of last resort in the state of Iowa, which must control us in this case, the plaintiff is entitled to recover $1,847.07 with interest from February 3, 1890.

"And now, 17th of March, 1890, judgment is directed to be entered in favor of the plaintiff and against the defendant for the sum of $1,847.07 and interest from February 3, 1890."

Judgment having been entered, the defendant took this appeal, assigning the order directing judgment for the plaintiff for error.

*Mr. M. C. Herman,* for the appellant:

The act of May 28, 1858, P. L. 622, fixing the legal rate of interest at six per cent, although it makes exceptions in favor of commission merchants, etc., and railroad and canal companies in certain cases, nowhere makes any exceptions as to promissory notes made or payable in another state, and is broad enough to exclude the operation of the lex loci contractus. But if it be held that the latter must prevail, from necessity or comity, it ought not to operate beyond the maturity of the note. The contract in the note is to pay interest at the special rate only until maturity ; and, in such cases, under the law of Pennsylvania, the legal rate begins to run at maturity : Ludwick v. Huntzinger, 5 W. & S. 51. It matters not that the law of Iowa is otherwise. Having brought his suit in a Pennsylvania court, the plaintiff, at most, can recover according to his contract only, which, as to interest, extends no further than to the maturity of the note.

Opinion of the Court.

*Mr. E. W. Biddle,* for the appellee:

1. The rate of interest is to be determined by the law of the place where the contract was to be performed. The rate allowed by it may be reserved, though it exceed that allowed by the law of the domicile or the law of the forum, and, when none is stipulated, the parties are presumed to have contracted in reference to the law of the place of payment; the law of the forum is never appealed to: Archer v. Dunn, 2 W. & S. 364; Ralph v. Brown, 3 W. & S. 395; Wood v. Kelso, 27 Pa. 241; Mullen v. Morris, 2 Pa. 85. When a note is not drawn payable at any specified place, it is governed by the law of the place where it is made, and bears interest accordingly: 2 Edwards on Bills, § 1009.

2. That these principles are not repugnant to the act of May 28, 1858, P. L. 622, is evidenced by the fact that they became firmly imbedded in our law while the act of March 2, 1723, 1 Sm. L. 166, which is more rigorous in its terms, was in force. There is no force in the distinction sought to be drawn between the interest accruing before, and that accruing after maturity. Although in every instance the obligation must have been over-due before suit brought, in not one of the cases cited was any such distinction made.

Per Curiam:

It appears by the case stated that the promissory note in controversy was made and delivered in the state of Iowa. It was therefore an Iowa contract. It is true it was not made payable at any particular place; but, in the absence of any such stipulation, it was payable at the place where made. This is a well-settled rule of commercial law. It also appears by the case stated that the rate of interest, 10 per cent, called for by the note, is lawful by the laws of that state. Under these circumstances it is plain that the lex loci contractus must govern, and the rate of interest is to be determined by the law of the place where the contract was to be executed.

An indorser is liable for interest on a protested bill of exchange according to the law of the place on which it is drawn: Mullen v. Morris, 2 Pa. 85. When a promissory note is made payable at a particular place, interest is allowed according to the law of the place appointed for payment: Wood v.

Statement of Facts.

Kelso, 27 Pa. 241. The rule is thus stated in 2 Edwards on Bills, § 1009: " The authorities are numerous to show the general rule to be that interest is to be paid according to the law of the place where the contract is made, unless the payment is to be made elsewhere, and then it is to be according to the law of the place where the contract is to be performed." The same rule is recognized by Chancellor Kent in his Commentaries, as well as by many other text-writers, while decisions to the same point might be cited almost without number. We need not refer to our act of 1858 in regard to interest, as it has no bearing upon contracts made and to be performed outside of the state.

Judgment affirmed.

