## Campbell *v.* Hunt, Appellant.

*Promissory notes—Fraud—Evidence—Competency of witness— Witness dead.*

In an action against the maker of a promissory note by the executrix of the endorsee who took the note before maturity, a witness offered by the defendant to show that the endorsee had notice of an infirmity in the note at the time he took it, is not a competent witness under Section 5 of the Act of May 23, 1887, P. L. 159, if it appears that the witness and the payee in the note were partners in the transaction which brought about the negotiation of the note, and that if the defendant was compelled to pay the note as a result of the suit, he might hold the witness for the loss sustained.

In such a case the competency of the witness is a preliminary question to be determined by the court on the law and facts.

*Promissory notes—Usury—Conflict of laws.*

Where a promissory note is made in Pennsylvania and is payable in that State, although the consideration passed in the State of New York, the law of Pennsylvania, and not the law of New York will govern as to the legal consequence of usury involved in the negotiation of the note.

Argued Dec. 17, 1914. Appeal, No. 265, October T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., September T., 1912, No. 5180, on verdict for plaintiff in case of Mary F. Campbell, Executrix of William O. Campbell, to the use of H. S. J. Sickel v. Michael J. Hunt. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note. Before FERGUSON, J.

The note in suit was as follows:

"$1,200.00                                    June 4th, 1912.

"Two months after date I promise to pay to the order

of J. P. Mulholland, one thousand two hundred dollars at The Kensington Nat. Bank, Philadelphia.

"Without defalcation for value received.

"With interest.

"M. J. HUNT.

"Due August 4."

Endorsed: "J. P. Mulholland. Pay to order National Nassau Bank, Wm. O. Campbell. Pay any National or State Bank or order, Prior endorsements guaranteed, 1 Jul. 22, 1912, 40. The National Nassau Bank of New York, W. Gilbert, Cashier."

At the trial Benjamin Levine testified as to certain facts tending to show that William O. Campbell had knowledge of an infirmity in the note prior to his taking it. Subsequently the court struck out all of his testimony on the ground that he was an incompetent witness having an interest in the subsequent result of the case.

Counsel for the defendant again offered to prove by the witness, Benjamin Levine:

1. That the witness has no interest in this suit, or in the note in suit.

2. That the witness was a partner of J. P. Mulholland in June, 1912, and that the partnership represented the defendant, Hunt, in the purchase of the iron on the demolition of the Hoffman House in New York, and also represented the defendant, Hunt, in the sale of said iron.

3. That William O. Campbell was attorney-at-law in New York and witness was a client of his, and that it was through the introduction of witness that Mulholland met Campbell.

4. That Campbell knew the connection between the witness and Mulholland and Hunt.

5. That witness knew the nature of transaction in which the note in suit was given by Hunt to Mulholland; that it was given to Mulholland to be discounted for Hunt's benefit only in case certain of the iron purchased

from the. Hoffman House should not have been previously sold.

6. That in June, 1912, witness called on Campbell in consequence of a request to do so from Hunt, and that at that interview Campbell told witness that Mulholland had offered him (Campbell) $100.00 to discount the note; that the witness then informed Campbell that Mulholland had no right to discount the note, but that if he (Campbell) did take the note, he should send the proceeds or make the check payable directly to Hunt. Witness further told Campbell that the iron had been sold by witness, and there was no further need to discount the note, and the purpose for which it had been given had ceased.

7. That Campbell at that time told witness he had not yet discounted the note.

8. That as security for the payment of the note, Mulholland had delivered to Campbell two Otis elevators.

9. That Campbell later told witness that he (Campbell). had sold these elevators.

10. That these elevators were of the fair market value of about $2,000 at the time when they were sold by Campbell.

Objection.    Objection sustained.    (6)

The court gave binding instructions for plaintiff.

Verdict for plaintiff for $1,328.06 which was afterwards reduced by remittitur to $1,228.70, upon which judgment was entered.

*Errors assigned* were rulings on evidence as above, quoting the bill of exception and in giving binding instructions for plaintiff.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellant.—The witness Levine had no such interest as to render him incompetent to testify: Sheetz v. Handbest, 81 Pa. 100; Sturgeon v. Stevens, 186 Pa. 350; Wolf

332, (1915).] · Arguments—Opinion of the Court.

v. Carothers, 3 S. & R. 240; Sommers v. Sommers, 1 Watts 303; Karns v. Tanner, 66 Pa. 297; Horne v. Petty, 192 Pa. 32; Metcalf v. Buck, 36 Pa. Superior Ct. 58; Compton's Est., 30 Pa. Superior Ct. 605; Shrader v. U. S. Glass Co., 179 Pa. 623.

The negotiation of the note from Mulholland to Campbell took place in New York, and under the law of that state the transfer was void: Hyde v. Goodnow, 3 N. Y. 266; Mott v. Wright, 4 Biss. 53; In re Dodge, 9 Ben (U. S.) 480; Orr v. Lacey, 4 McLean 243.

*Frederick J. Shoyer,* with him *Henry Arronson,* for appellee.—A witness interested in the result of the suit against the endorsers upon a note (the maker being dead), was held incompetent: Foster v. Collner, 107 Pa. 305.

Usury laws of New York do not apply: Nat. Bldg. Assn. v. Riley, 4 Pa. Dist. 663; Muller v. Tiffany, 1 Wall. 298; Jewell v. Wright, 30 N. Y. 259; Kellogg v. Miller, 13 Fed. Rep. 198.

OPINION BY TREXLER, J., July 21, 1915:

This was a suit upon a promissory note. The defendant called Levine as a witness in order to show that William O. Campbell, who obtained the note of Mulholland the payee therein mentioned before maturity, had notice of an infirmity in the note. The court after hearing his testimony struck it out, holding that he was not a competent witness and barred by Sec. 5 of Act of May 23, 1887, P. L. 158. Wm. O. Campbell having died, and his right having passed to the plaintiff, the court found that Levine was interested and that such interest was adverse to the right of Campbell.

We think the ruling was correct and quote a portion of the opinion of the court below which we think justifies its action. "Mulholland and Levine were partners in the very transactions which brought about the negotiation of defendant's note. Levine testified that certain

elevators were transferred to Campbell as security for the note. These elevators were partnership assets, although the evidence was dubious as to whether or not they had ever been paid for. If the note in suit, though drawn to Mulholland individually, was given in connection with partnership activities and the proceeds were misappropriated by Mulholland and never reached defendant, it is plain, if defendant pays the note or a judgment as a result of a suit upon it, he might hold Levine for the loss sustained. Again, Levine's testimony also tended to show that the note was discharged by the sale of the elevators. The discharge of the note in this way would be in relief of Levine."

Levine's competency was a preliminary question to be determined by the court on the law and facts: Semple v. Callery, 184 Pa. 95. He sought to prove his right to testify by asserting that he had no interest in the result of the suit, but his testimony in this regard was far from satisfactory. He stated that a certain suit between Campbell and Mulholland involving the elevators above referred to, he thought had been settled, but admitted that it was still undisposed of on the record. The good faith of the witness and the genuineness of his disclaimer of interest was for the court.

The next point raised is the defense of usury. It appears by the testimony of a witness that Campbell stated that he had paid $1,100 for the note, the face of the note being $1,200 and that under the laws of New York, the taking of more than the legal rate of interest rendered the entire transaction void and therefore a complete bar to the plaintiff's recovery. Do the laws of New York or of Pennsylvania govern? The note was made in Pennsylvania and was payable in Philadelphia. It is reasonable to believe that being made in Pennsylvania and payable in the same State, it was the intention of the parties that it was to be regarded as a Pennsylvania contract and subject to Pennsylvania laws. "Every presumption is against an intention to violate

the law, therefore, if the several elements of a contract have their situs in different states, if by the laws of one of the states the contract would be legal, but illegal by the laws of another then the parties would be presumed to have contracted with reference to the laws of the place wherein the transaction would be valid": 39 Cyc. 898.

Although the note was payable to Mulholland, we assume for the purpose of the present discussion, that he merely was the agent of the maker. We see that two of the important elements of the transaction occurred in Pennsylvania. The consideration for the note is supposed to have passed in New York, although there is no positive testimony as to that, but it is a fair inference that the note having been sent to New York and Mulholland having negotiated it in New York, that the consideration also passed in the latter state. However that may be, applying the rule above quoted, the court was right in deciding upon the admitted facts that the transaction was subject to Pennsylvania laws.

When a promissory note is made payable at a particular place interest is allowed according to the law of the place appointed for payment: Wood v. Kelso, 27 Pa. 241. The rule is, that interest is to be paid according to the law of the place where the contract is made unless the payment is to be elsewhere: Clark v. Searight, 135 Pa. 173.

It seems that the law of the place where the note is given will govern as to the legal consequence of usury, when it is usurious by the law of that place and by the law of the place of payment also: 1 Daniels on Negotiable Instruments 703.

Having come to the conclusion that Levine was not a competent witness, and that the note was not void by reason of the defense of usury interposed by the defendant, there is nothing left in the case to overcome the prima facie of the note, and the verdict necessarily had to be for the plaintiff.

All the assignments of error are overruled. Judgment affirmed.