## People's Bond and Mortgage Co. v. Chatkin

*Edward C. Leckey,* for plaintiff.
*John M. Silvestri,* for defendant.

STRASSBURGER, *J.,* January 18, 1989 — The relevant facts of a complex scenario are as follows: On May 14, 1974, Peoples Bond & Mortgage Company entered a judgment in its favor and against Morton Chatkin in the amount of $39,520. The judgment was revived twice, the second time on December 17, 1985, in the amount of $65,236.57 plus costs and interest.

In the meantime, the Pennsylvania judgment was transferred to Arizona. On January 30, 1984, Peoples issued a writ of execution against real estate owned by Chatkin in Arizona in the amount of $37,280 plus interest at 10 percent from December 14, 1979 and costs incurred in Arizona. On March 10, 1986, a sheriff's sale was held. Peoples' bid of

$91,000 for the property was accepted by the sheriff. Chatkin subsequently redeemed his real estate by paying to the sheriff the bid price, redemption fee and interest on those sums from the date of sale.

After redeeming his property, Chatkin petitioned this court for a rule to show cause as to: why the Pennsylvania judgments should not be satisfied; why Chatkin was not entitled to liquidated damages; and why any sums received by Peoples in excess of the sums necessary to satisfy the Pennsylvania judgments plus costs should not be returned to him. The rule was issued at that time and was returnable, sec. leg., sec. reg.

On May 24, 1988, the rule was returned before this court at which time the following order was entered:

"And now, May 24, 1988, it is hereby ordered that in respect of the rule issued October 22, 1986 (a) the interest rate issue is adjudicated in favor of defendant and against plaintiff and (b) all other issues are adjudicated in favor of plaintiff; it is further ordered that within 20 days of the date of this order plaintiff's counsel and defendant's counsel shall submit to the court calculations as to the dollar amounts claimed to be due and owing. This order does not adjudicate the statute of limitations issue in the pleadings."

## DISCUSSION

The sole matter raised in appeal is what interest rate should apply to the judgment. Should the law of Pennsylvania where the judgment was obtained apply, or should the law of Arizona where it was enforced apply? The question is significant because post-judgment interest in Pennsylvania draws interest at only six percent, while in Arizona it brings 10 percent.

Peoples contends that this court erred in not treating the judgment like any other Arizona judgment and applying the Arizona rate of 10 percent. This court disagrees. As Chatkin states in his brief, "the Arizona judgment is nothing more than an exemplification of the record in Pennsylvania for the purpose of garnishing property outside Pennsylvania."

While there is no Pennsylvania case law on point, there are two federal court cases which have applied Pennsylvania law. In *East Coast Management Inc. v. McLaughlin,* 533 F.Supp. 439 (E.D. Pa. 1982), the court was called upon to determine whether the Maryland legal rate or the Pennsylvania legal rate should apply, where the underlying judgment was obtained in Maryland. Applying Pennsylvania law, the court determined that the legal rate of Maryland should apply. At pages 443-4, the court stated:

"Under Pennsylvania choice of law rules, which have not been recently examined on this point by any state or federal court, the question whether any such interest is payable and at what rate is governed by the law of the place where the obligation arose. *Thorp v. American Av. & Gen. Ins. Co.,* 212 F.2d 821 (3d Cir. 1954); *Clark v. Searight,* 135 Pa. 173, 19 Atl. 941 (1890); 19 P.L.E. Interest & Usury §2 (1959). Maryland law governed ECM's suit. Maryland interest law governs the liability of defendants for interest on ECM's property which had been converted, and also the pre-judgment interest to which ECM was entitled, because pre-judgment interest arises as a matter of right out of the underlying transaction which was governed by Maryland law. Pennsylvania law povides that 'a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award . . . ' Pa.C.S. §8101 (Purdon Pam-

phlet 1980). The 'lawful rate' of interest, as noted above, is determined by the law governing the obligations, which in this case is Maryland law. Therefore, Maryland law also supplies the rate of post-judgment interest."

The holding in *East Coast Management Inc., supra,* subsequently was followed in *Fidelity Bank v. Com. Marine & General Assur. Co.,* 592 F.Supp. 513 (E.D. Pa. 1984).

In the immediate case, the underlying obligation was determined in Pennsylvania under the applicable laws of Pennsylvania. The judgment is a Pennsylvania judgment. To apply any other interest rate would permit forum-shopping. A plaintiff would seek to transfer and enforce a Pennsylvania judgment in the state with the highest interest rate where the defendant owned property. A defendant's liability for interest should not rest upon such a fortuity.

Thus, based on the preceding opinion, the orders of May 24, 1988 and October 22, 1988 were appropriately entered.