**MIDLANTIC COMMERCIAL
LEASING CORP.**

v.

**CLIFTON HEIGHTS MANUFACTUR-
ING CO., INC., Robert L.
Apfelbaum, and Sam T. Lim.**

Civ. A. No. 87–8388.

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1989.

Harold Semanoff, Philadelphia, Pa., for plaintiff.

Young Huhn Kwon, Philadelphia, Pa., for defendants Clifton Heights and Lim.

Martin Techner, Philadelphia, Pa., for defendant Apfelbaum.

Jeffry B. Herman, Bala Cynwyd, Pa., for defendants Arrow and Weinstein.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the motion of the plaintiff, Midlantic Commercial Leasing Corporation, ("Midlantic"), for summary judgment against defendants Clifton Heights Manufacturing Co., Inc. ("Clifton Heights"), Robert L. Apfelbaum and Sam T. Lim. Oral argument on this motion was heard on November 20, 1989. For the reasons given below, we believe that the plaintiff is entitled to summary judgment in its favor against these defendants.

On May 4, 1987, Midlantic and Clifton Heights entered into a leasing agreement for nine items of equipment: seven sewing machines and two metering devices. The supplier of the equipment was given as Merrow Sales Corporation. The lease was to continue for a period of sixty months. On May 4, 1987, Clifton Heights executed a ·Certificate of Delivery & Acceptance for the equipment that was the subject of the lease. Also, in a separate document, dated May 4, 1987, Midlantic gave Clifton Heights the option to purchase the nine items of equipment for $1.00 at the end of the term of the lease. On May 20, 1987, Sam T. Lim, the owner of Clifton Heights, and Robert L. Apfelbaum executed a guarantee in favor of Midlantic for the Clifton Heights leasing agreement dated May 4, 1987. No payments on the lease were made by any defendant after August 4, 1987. Subsequently, Midlantic brought this action based upon the breach of the leasing agreement.

Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d

Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* 106 S.Ct. at 2511. However, if the evidence is merely "colorable" or is "not significantly probative," summary judgment may be granted. *Id.*

In the instant case, there are no genuine factual disagreements. The defendants do not contest the execution of the leasing agreement or the guarantee. Nor do they contest their failure to make rental payments after August 4, 1987. The attempt by defendants Clifton Heights and Lim to argue that Robert Weinstein somehow acted as an agent for Midlantic and repossessed the subject equipment in violation of the leasing agreement is supported by no facts at all and derives solely from the conjecture and speculation of defendant Lim. We, therefore, find Midlantic entitled to summary judgment against the defendants.

Paragraph 9 of the leasing agreement provides for the lessor's remedies in the event of the lessee's default. In addition to "all remedies under the law and the Uniform Commercial Code", the lessor is entitled to: arrears of rent; balance of all rentals under the lease; court costs; late fees equal to five percent of any late payment as liquidated damages for delay; and attorney's fees equal to twenty percent of the balance due at the time the matter is placed with an attorney.

■ In the instant case, these amounts come to: unpaid rentals in the sum of $15,950; late fees in the sum of $58; and attorney's fees in the sum of $3,201.60. This creates a total of $19,209.60. Also, according to the last paragraph of the leasing agreement, the lease "shall be governed by the laws of the State of New York."[1] N.Y.Civ.Prac.Law § 5001 (McKinney 1963) concerns "Interest to verdict, report or decision" and reads in pertinent part:

(a) *Actions in which recoverable.* Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, . . .

(b) *Date from which computed.* Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

(c) *Specifying date; computing interest.* The date from which interest is to be computed shall be specified in the verdict, report or decision. If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit. The amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or

---

**1.** Even were we to conduct a conflict of laws analysis, we would come to the conclusion that New York law was applicable to the question of interest in the instant case. As the court in *East Coast Management, Inc. v. McLaughlin,* 533 F.Supp. 439, 443–44 (E.D.Pa.1982) stated:

Under Pennsylvania choice of law rules, which have not been recently examined on this point by any state or federal court, the question whether any such interest is payable and at what rate is governed by the law of the place where the obligation arose. *Thorp v.*

*American Av. & Gen. Ins. Co.,* 212 F.2d 821 (3d Cir.1954); *Clark v. Searight,* 135 Pa. 173, 19 A. 941 (1890); 19 *P.L.E. Interest & Usury* § 2 (1959).

We believe that the obligation under this lease "arose" in New York, where the lease became binding upon acceptance by the lessor and where payments were to be made. Thus, even under Pennsylvania choice of law rules, the awarding and the rate of pre-judgment interest would be governed by New York law.

decision was made, and included in the total sum awarded.

■ N.Y.Civ.Prac.Law § 5004 (McKinney Supp.1989), which concerns "Rate of interest", reads as follows: "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." Since, at the inception of the lease, Clifton Heights paid the first rental payment ($290), plus the last two months' rentals ($580), Midlantic actually sustained harm two months after August 4, 1987, the date of the last payment actually made. We, therefore, believe that the prejudgment interest rate of nine per cent should run from October 4, 1987. Prejudgment interest is, therefore, awarded to Midlantic in the sum of $3,731.37.

An appropriate order follows.

### ORDER

AND NOW, this 30th day of November, 1989, upon consideration of the plaintiff's Motion for Summary Judgment, and the response of defendants Clifton Heights Manufacturing Co., Inc. and Sam T. Lim thereto, it is hereby ORDERED that said motion is GRANTED and judgment is hereby entered in favor of Midlantic Commercial Leasing Corp. and against Clifton Heights Manufacturing Co., Inc., Robert L. Apfelbaum, and Sam T. Lim, jointly and severally, in the amount of $22,940.97.