## The Merchants' Insurance Co. *versus* De Wolf *et al.*

An action of debt will lie on a foreign judgment, notwithstanding the pendency of an appeal from the decision of the foreign court.

*It seems,* that in case of the reversal of the original judgment by the foreign appellate tribunal, the defendant here may have redress by *audita querela;* or by error *coram nobis,* as the case may require.

Error to the District Court of *Philadelphia.*

This was an action of debt by John S. De Wolf and James R. De Wolf, trading as J. S. De Wolf & Co. against The Merchants' Insurance Company, on a judgment obtained by the plaintiffs against the defendants, in the Superior Court of the city of New York, on the 14th June 1858, for $6021 and costs.

To a declaration on this judgment the defendants pleaded, *inter alia,*—" That after the entry of the said supposed judgment in the said declaration mentioned, and prior to the institution of this present suit, to wit, on the ninth day of July, in the year of our Lord eighteen hundred and fifty-eight, the said defendants did duly enter and take an appeal from the said judgment from the said Superior Court of the city of New York, to and into the general term of the said the Superior Court of the city of New York, which said appeal is still in full force and depending and undetermined."

To this plea there was a general demurrer ; and the court below, after argument, gave judgment for the plaintiffs on the demurrer, which was here assigned for error.

*Guillou,* for the plaintiffs in error, cited Dighton *v.* Granvil, 4 *Mod.* 248 ; Rogers *v.* Mayhoe, *Carth.* 1 ; Aby *v.* Baxton, *Id.* 191 ; Rowley *v.* Raphson, *Skin.* 590 ; Adams *v.* Tomlinson, *T. Raym.* 100 ; Anon., 11 *Mod.* 78 ; 1 *T. R.* 637 ; 2 *Id.* 78 ; 3 *Id.* 643 ; 6 *Id.* 400 ; 2 *Id.* 183 ; 4 *Id.* 436 ; 5 *Id.* 714 ; 1 *H. Bl.* 432 ; 2 *Id.* 30 ; 2 *Bos. & Pul.* 308 ; 2 *M. & S.* 474–6 ; 1 *East* 662 ; Sampson *v.* Brown, 2 *Id.* 439 ; Perry *v.* Campbell, 3 *T. R.* 390 ; Throgmorton *v.* Church, 1 *P. Wms.* 685.

*H. Wharton,* for the defendants in error, cited *Code of New York* (Ed. 1855), § 348, p. 529 ; Ohio *v.* Hinchman, 3 *Casey* 479 ; Snook *v.* Mattock, 5 *Ad. & Ellis* 239 ; Falkner *v.* Franklin Insurance Co., 1 *Phila. R.* 183 ; Suydam *v.* Hoyt's Administrators, 1 *Dutcher* 230 ; Tarbill *v.* Downer, 3 *Williams* (Verm.) 339 ; Engle *v.* Nelson, 1 *Penn. R.* 442 ; Beitler *v.* Study, 10 *Barr* 418 ; Evans *v.* Tatem, 9 *S. & R.* 262 ; Styer's Appeal, 9 *Harris* 89.

The opinion of the court was delivered by

Lowrie, C. J.—The forms of the obsolete English action of

[The Merchants' Insurance Company *v.* De Wolf *et al.*]

debt on a judgment in the same court, can hardly be deemed binding in such a case as this: 7 *Vin. Ab.* 351; 20 *Id.* 67. The main purpose of that action was to revive a judgment after a year and a day, *Holt* 196; and its place is now supplied by the process of *scire facias*. Indeed, the action of debt on such a judgment, though in form an original action on a new original writ, came to be treated as a mere supplement to the former record and dependent on it; for by a reversal of the first judgment, the second was treated as annulled: 2 *Keb.* 520. That class of cases might help us in working out the rule, that a writ of error, though staying execution, does not prevent a *sci. fa.* to revive a judgment or continue its lien; but they cast little light on the right of action here, on a judgment in a subordinate court of another state, after an appeal entered to a higher court.

In strict form, a *sci. fá.* is a continuation of the same record, and no independent judgment is entered on it; and therefore a writ of error that reverses the principal judgment sweeps away all that follows it. There is, therefore, no necessity to treat a writ of error as preventing a proceeding by *sci. fa.* to revive a judgment, if the objection that the record is gone to another court can be got over; and certainly a writ of error does not entirely remove the record, so as to prevent all proceedings.

Here the action of debt on a foreign judgment is an original and independent action, and no judgment that we may render on it can be affected by any proceedings elsewhere; for those proceedings cannot set aside or confirm what we may do. Our judgment is final, and a writ of error to it does not bring up the proceedings elsewhere on an appeal or writ of error to the first judgment. If, then, we enter judgment, it must be conclusive, unless we leave it to be set aside, or stayed, or enforced at the discretion of the court below, on which proceeding a party has no right of review; or, unless we say that on a reversal of the first judgment, the defendant shall have a right to *audita querela;* or, perhaps, to a writ of error *coram nobis*, to have the court below reverse its own proceedings and award restitution, as the case may require. Both of these forms of proceeding are allowed in our practice, though seldom used, and therefore the parties may resort to them, if they do not think proper to abide by the discretion of the court below. Perhaps, the new fact might be put upon the record without this form. We know not why the parties may not agree to it.

It seems to us, therefore, that we may treat this judgment in New York as the ground of an action here, though it has been appealed from. A writ of error here does not stay proceedings on a judgment unless proper bail be entered, and it may still be executed as a judgment, subject to restitution in case of reversal. This rule gives us the principle of the present case.

[The Merchants' Insurance Company *v.* De Wolf *et al.*]

In New York, an appeal takes the place of a writ of error, just as it does in Nisi Prius cases with us. In New York, an appeal does not stay proceedings without bail, or a special order of the court, or a judge thereof, and where this is wanting we must treat the judgment as a ground of action here, because it may be executed there.

The appeal is pleaded in bar without any allegation that the proceedings were stayed by it; and therefore it does not answer the action. Even if the appeal had operated as a stay, perhaps the plea ought to have been in abatement, but we are not required to decide this. Possibly, either might be a good answer to a judgment which furnishes no ground of action as it stands at the time.

Judgment affirmed and record remitted.

Mr. Justice THOMPSON did not sit at the hearing, having been of counsel in the cause.