## Potter *v.* Hartnett, Appellant.

*Suit on foreign judgment—How far judgment conclusive.*

When suit is brought upon a judgment recovered in the courts of another state, the judgment is conclusive up to its date, and nothing which occurred previous thereto can be set up in defence to the action on the judgment.

*Compromise of claim—Accord and satisfaction.*

Where it appears from an affidavit of defence that, during the pendency of the original suit, an agreement was made in settlement of the controversy between the parties thereto, that the judgment was subsequently entered, and that after its entry the agreement was carried out by defendant, the defence is valid. The agreement between the parties was only an accord, and plaintiffs might properly enter judgment, because it was uncertain whether defendant could or would carry out the agreement. The satisfaction was a subsequent act not at all inconsistent with the judgment and not concluded by it.

*Affidavit of defence—Contract—Consideration.*

Where an agreement is made to compromise a claim in consideration of the defendant entering into the service of the plaintiff, it cannot be said, as a matter of law, that the agreement was without consideration for the reason that the defendant was to be paid for his services. The personal services were a sufficient consideration, and the employer may contract to give for them something in excess of the salary.

Savage v. Everman, 70 Pa. 315, followed.

Argued Jan. 20, 1892.    Appeal, No. 83, July T., 1891, by defendant, Richard W. Hartnett, from judgment of C. P. No. 1, Phila. Co., March T., 1891, No. 449, for want of a sufficient affidavit of defence in favor of plaintiffs, Charles Potter, Jr., et al.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on judgment recovered in the state of New York.

The statement claimed the sum of $538.16 with interest, and annexed was an exemplified copy of the record from the New York court.

The affidavit of defence filed by defendant was as follows: "Richard W. Hartnett, being duly sworn according to law, deposes and says that he is the defendant in the above, which is a suit brought to recover of defendant the sum of $538.16, with interest from May 13, 1875, being the amount of a judgment recovered on that day in a court of record in the city and county of New York.

"That he has a full and complete defence to the whole of said claim, of the following nature and character. During the year 1871 he was a member of the firm of Hartnett and Solomons, composed of deponent and one Michael Solomons. Deponent at that time was a resident of Boston, where the said firm carried on the business of selling machinery and printing presses. The plaintiffs at that time were engaged in the business of manufacturing printing presses, doing business in the city of New York. Prior to the twenty-first day of March, 1871, deponent's firm sold the presses of plaintiffs in Boston. About that time plaintiffs, through Charles Potter, Jr., requested deponent to travel for them outside of Boston, and sell their machines on commission. Deponent declined to do this, unless plaintiffs would advance a sufficient sum of money to guarantee the payment of his expenses incurred in so doing. Plaintiffs finally decided to advance the sum of $400, and on March 21, 1871, gave him that amount of money to be used by deponent in the payment of his traveling and other expenses. Deponent continued to travel and sell plaintiffs' machines until about the end of the year 1874, when he removed from Boston to Bridgeton, N. J. About this time the firm of Hartnett and Solomons was dissolved, and deponent entered the employment (as salesman) of 'The New York Steam Engine Company,' whose office was at No. 98 Chambers street, in the city of New York.

"Deponent further says that on the twelfth day of May, 1875, while at No. 98 Chambers street, New York, he was visited by the said Charles Potter, Jr., and was handed a paper which he now recollects as being a letter from Potter and Hub-

bard, asking him to call and see them in reference to the said sum of $400 which he, Potter, claimed his firm had loaned deponent. According to the affidavits filed in this case, the paper handed to deponent was not a letter, but was a summons. In a day or two thereafter deponent called on Mr. Potter at his place of business, and asked him what this all meant. Potter replied that he wanted deponent to repay plaintiffs the loan of $400 which they had made to him. Deponent at once replied that they had never loaned him a cent, and that they knew the $400 advanced in 1871 was to be used in payment of deponent's expenses in traveling to sell their machinery. Deponent told the said Potter, as was the fact, that the money had all been used by him for the purpose for which it had been advanced. To this Potter made no reply, and after some further talk in which deponent expressed himself in some very strong language, it was finally agreed that if deponent would come with plaintiffs and travel for them and sell their machines that they would accept such services in full payment of any claim they had against him for said sum of $400. Deponent, after considering the matter, agreed to enter plaintiffs' employment upon the terms proposed as soon as he could get a settlement from the New York Steam Engine Company, in whose employ he then was. It was then distinctly understood and agreed that if he did enter plaintiffs' employment it would be in full payment of any claim they might have against him. In pursuance of this agreement deponent did, about September 15, 1875, enter plaintiffs' employment and travel for them until some time during the following year, when he, with plaintiffs' full consent, left their employment and entered that of one R. S. Menamin of the city of Philadelphia. Deponent heard no more of said pretended loan until quite recently, when he received a letter from an attorney of the city of New York, to the effect that the plaintiffs had recovered a judgment against him in the city of New York on the seventeenth day of June, 1875, and asking immediate payment of the same. Deponent further says, although he did not know it then, that it now appears that when he entered the employment of plaintiffs in September, 1875, that they had previously, to wit, on June 17, 1875, entered judgment against him by default. Deponent further says that in accordance with the agreement made be-

tween plaintiffs and, himself, the said judgment was fully paid by his entering their employment, and by the services which he rendered them in traveling for them and selling their machines. That during all the time he was in their employ he was regularly paid his wages and no mention was made of any indebtedness due by him to them. Deponent further says that he is now a member of the firm of R. W. Hartnett & Brothers, and has been for many years. That he is entirely solvent and has been for fourteen years. That during the many years since he left the employment of plaintiffs in May, 1876, he has frequently met the said Charles Potter, Jr., and although he was entirely solvent, which fact deponent believes the said Charles Potter, Jr., well knew, no claim was made against him for any money due, nor did deponent receive any intimation from plaintiffs that he was at all indebted to them until the receipt of the letter hereinbefore mentioned.

" All of which is true, as deponent believes and expects to be able to prove on the trial of this cause."

Plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which the court made absolute, entering judgment. Defendant appealed.

*Error assigned* was the action of the court in entering judgment.

Isaac D. Yocum and John G. Johnson, for appellants, cited: Savage v. Everman, 70 Pa. 315; Klett v. Claridge, 31 Pa. 106.

John F. Keator, for appellees.—The accord is not definitely and positively stated. None of its terms are given. All the cases without exception hold that the satisfaction must appear to have been advantageous to the plaintiffs, and it must be averred that the satisfaction was accepted: Kingston Bank v. Gray, 19 Barb. 459. Even if the agreement alleged as payment was accepted at the time of making the defence, it was wholly without consideration and did not preclude the defendant from recovering the amount due : Bunge v. Koop, 48 N. Y. 225 ; Harriman v. Harriman, 12 Gray, 341: Smith v. Phillips, 77 Va. 548; Wilkeson v. Byers, Lang. S. C. 197 ; McKyring v. Bull, 16 N. Y. 297.

OPINION BY MR. JUSTICE MITCHELL, March 28, 1892:

As the record of the judgment sued upon shows a service of

the summons on the defendant within the jurisdiction of the New York court, the judgment is conclusive up to its date, and that part of the affidavit of defence which relates to previous matters is irrelevant and must be disregarded.  It does however throw an explanatory light on the agreement subsequently set up, by showing that the original debt was for money claimed to have been advanced by plaintiffs and used by defendant for traveling expenses in plaintiff's service.  The affidavit then avers that it was agreed that if defendant should enter the service of plaintiffs, such entry should be payment in full of any claim they might have against him; that he did so enter their service in September, 1875, and continued therein until the employment was terminated with plaintiff's consent.  September, 1875, was after the entry of the judgment now sued on.  The alleged settlement is therefore matter subsequent which is not concluded by the judgment, and the only question left is whether it amounts to a good defence.

It is objected first that the agreement is too indefinite.  In looking at the affidavit in this respect the defendant is entitled to have it borne in mind that the matters set out had occurred sixteen years before and that the delay was not of his making.  The important fact is that the entry into service was after the judgment though in pursuance of the agreement made during the pendency of the suit.  At the time of the agreement as set out in the affidavit, defendant was in another's employment and could not at once enter that of plaintiffs.  Plaintiffs might therefore properly enter their judgment, because it was not certain that defendant could or would comply with the agreement, and for the same reason defendant could not have set up the agreement as a defence to the pending suit, because as yet it was only an accord.  The satisfaction was a subsequent act, not at all inconsistent with the judgment, and not concluded by it.

Further it is said that it does not appear that the agreement was of any advantage to plaintiffs, or at least none beyond what was compensated by defendant's wages.  But this objection overlooks the fact that personal service is always a consideration, and whether it was to be solely for the wages or salary, or for that and the payment of an antecedent debt, is a question of fact in each case.  It is common knowledge that

in modern business methods, traveling agents or salesmen not unfrequently have a large personal acquaintance and influence which enable them to carry certain buyers, as their own customers, from one house to another when they change. Such salesmen naturally command large salaries, but we cannot say as matter of law that their employers may not be willing to give inducements beyond the salary to get such persons into their service. That is a matter of contract between the parties.

The defendant swears positively that his entry into plaintiffs' service was agreed to be accepted as full payment, and that he did enter into such service. Taking that to be true, it made out a good defence, and as to its truth defendant was entitled to go to a jury.

The law on this subject is learnedly discussed in Savage v. Everman, 70 Pa. 315, and this case is clearly within the principle therein settled.

Judgment reversed and procedendo awarded.