Joseph C. Bennett, Appellant, *v.* Eastern Building & Loan Association of Syracuse, N. Y., a Corporation organized under the Laws of the State of New York, and having its Principal Office at Syracuse, N. Y.

| 177 | 233 |
| 201 | 4 |
| 177 | 233 |
| 24 SC | 258 |

[Marked to be reported.]

*Contract—Conflict of laws—Usury—Lex loci contractus.*

A resident of Pennsylvania became a member of a New York building and loan association. His application for membership was made to an agent of the association in Pennsylvania. He subsequently applied and received a loan from the association. The application for membership and the application for the loan recited the name of the association and the city in New York where it did business. The applicant signed sixty-seven promissory notes payable to the association, and executed a bond in which it was recited that the notes were payable to the association at its office in New York. A mortgage executed to secure the notes and bonds repeated the name and designation of the association, and its place of business, and recited the bond with its condition for making all the payments at the office of the association in New York. In his application the applicant agreed to abide by the by-laws of the association. *Held*, (1) that the contract was one to pay money in New York; (2) that the contract was subject to the New York law which permitted building associations to charge usurious interest; (3) that the mere fact that the loan was made to a citizen of Pennsylvania could not justify an inference that it was done with an intent to evade the usury laws of Pennsylvania.

Argued March 16, 1896.   Appeal, No. 321, Jan. T., 1895, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1894, No. 536, on verdict for defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.   Affirmed.

Appeal from alderman.

Assumpsit to recover money alleged to have been usuriously retained.   Before METZGER, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*T. M. B. Hicks*, with him *W. H. Spencer*, for appellant.—The place of contract is where it is delivered, and first takes effect as a binding obligation : 3 Am. & Eng. Ency. of Law, 547 ; Hitchcock v. U. S. Bank, 7 Alabama, 429 ; Rowland v. Old Dominion Building & Loan Ass'n, 115 N. C. 825 ; Meroney v. Atlanta Nat. Building & Loan Ass'n, 21 S. E. Rep. 924.   We do not deny, nor have we any quarrel with, the well established principle of law, that a contract made at one place, to be performed at another, is governed by the law of the place of performance.   But every authority we have been able to find, laying down this doctrine, accompanies it with the qualification and proviso that the place of performance was not fixed different from that of the contract for the purpose of evading the usury laws of the place where the contract was made : Fitzsimons v. Baum, 44 Pa. 32 ; Earnest v. Hoskins, 100 Pa. 551 ; Hartranft v. Uhlinger, 115 Pa. 270 ; New York Mutual S. & L. Ass'n v. Slaughter, 4 Dist. Rep. 660 ; Southern B. & L. Ass'n v. Riggle, 4 Dist. Rep. 617 ; Falls v. U. S. Savings L. & B. Co., 97 Alabama, 417 ; s. c., 38 Am. State Rep. 194 ; Rowland v. Old Dominion B. & L. Ass'n, 115 N. C. 825 ; s. c., 18 S. E. Rep. 965, and 116 N. C. 877 ; s. c., S. E. Rep. 8, and Meroney v. Atlanta National B. &. L. Ass'n, 21 S. E. Rep. 924 ; Martin v. Johnson, 84 Ga. 481.   Should the court however take a different view of the case, we believe that, upon the most favorable view to the defendant, it is a question to be left to the jury, under all of the circumstances of the case, whether or not these

obligations were not made payable at Syracuse, N. Y., for the purpose of evading the usury laws of Pennsylvania: Kilcrease v. Johnson, 85 Ga. 600; Andrews v. Hoxie, 5 Texas, 171; Masterman v. Courie, 3 Campbell, 488; Hammett v. Yea, 1 Bosanq. 151; Lee v. Cass, 1 Taunt. 511; Ketchum v. Barber, 4 Hill (N. Y.), 228; Andrews v. Pond, 13 Peters, 64.

*W. C. Gilmore,* for appellee.—The contract in question was clearly a New York contract and is to be determined by the laws of New York: Hyde v. Goodnow, 3 Comstock, 266; Western v. Genesee Mut. Ins. Co., 12 N. Y. 258; Watson v. Brewster, 1 Pa. 381; Benners v. Clemens, 58 Pa. 24; Bell v. Packard, 69 Me. 105; Sands v. Smith, 1 Nebraska, 108; Mills v. Wilson, 88 Pa. 118; Falls v. U. S. Loan & Building Co., 97 Alabama, 417. The contract in question was payable by its express terms in the state of New York and should therefore be construed according to the laws of New York: 3 Am. & Eng. Ency. of Law, 546. See also Add. on Cont. sec. 239; Brown v. Camden & Atlantic R. R. Co., 83 Pa. 316; Mills v. Wilson, 88 Pa. 118; Irvine v. Barrett, 2 Grant, 73; Archer v. Drum, 2 W. & S. 327; Waverly National Bank v. Hall, 150 Pa. 466.

In the absence of positive enactment to the contrary or unless against public policy, corporations of one state may exercise within another state the general powers conferred by their charter: Grant v. Henry Clay Coal Co., 80 Pa. 208; Merrimac Mining Co. v. Levy, 54 Pa. 227; Bank of Kentucky v. Schuylkill Bank, 1 Parsons, Eq. Cases, 180; Bank of Augusta v. Earle, 13 Peters, 519; Relfe v. Rundle, 103 U. S. 225, 226; Lancaster v. Amsterdam Improvement Co., 140 N. Y. 576; Peoples v. Fire Association, 92 N. Y. 311; Hollis v. Drew Seminary, 95 N. Y. 166; People v. Blake, 54 Mich. 239; United States Mortgage Co. v. Gross, 93 Ill. 483.

OPINION BY MR. JUSTICE GREEN, October 5, 1896:

The defendant is an incorporated building and loan association, duly incorporated by the laws of New York, and located and transacting business at Syracuse in that state. The plaintiff, in October, 1891, made application to become a member of the association by purchasing two shares of its stock, and in November following received a certificate for the shares. In

May, 1892, he made application for a loan of $200 which was granted in December of the same year. As security for the loan he gave a bond and mortgage on some land in Lycoming county, Pennsylvania, for the sum of $207.89, which included the premium paid for the loan. The actual money paid to the plaintiff was $180. At the same time he gave to the defendant sixty-seven promissory notes, for $3.17 each, except three for $1.67 each, the aggregate amount of which was secured by the mortgage, and represented the monthly payments to be made by the plaintiff as a member of the association. On August 31, 1893, the plaintiff paid the mortgage debt in full, the amount being $181.07, after deducting the withdrawal value of his stock and a rebate premium. He now claims that the premium retained by the defendant, and the fines charged against him in the settlement were usury, and seeks to recover in this action $50.95 alleging that this amount was the excess over legal interest on the amount of money actually loaned to him by the defendant. He contends that his contract with the defendant was a Pennsylvania contract and to be governed by the law of that state. The defendant had an agency at Williamsport in Pennsylvania and the transaction was conducted between the plaintiff and the defendant's agent at that place. That circumstance however is of no account if the contract was to be performed in the state of New York. The appellant does not at all dispute the proposition that contracts are to be governed by the law of the place where they are to be performed, nor does he contend that he would have any right of recovery under the law of New York, which permits building and loan associations to charge usurious rates of interest on loans. The learned court below decided that the place of performance was the state of New York, and the contract was therefore to be governed by the law of that state. In this opinion we concur. A point was also made that if the contract was made for the purpose, and with the intent, of evading the usury laws of Pennsylvania, it must be governed by the law of Pennsylvania, and not of New York. As to this the court below held that there was not a scintilla of evidence of any such intent, and, therefore, the doctrine could not apply to this case, and in that ruling also we fully concur.

It is only necessary to examine briefly the contract of the par-

ties in order to determine at what place it was to be performed. The defendant's place of business was at Syracuse in the state of New York. The plaintiff's application for membership was in the following words, " I, Joseph Bennett, of Williamsport, county of Lycoming, state of Pennsylvania, hereby apply for membership in the Eastern Building and Loan Association of Syracuse, Onondaga county, New York and subscribe for two shares of instalment stock. I hereby agree to abide by all the terms, conditions and by laws contained or referred to in the certificate of shares, and will also comply with all the rules and regulations of said association." The plaintiff's application was accepted and he thereupon became a member, consciously and intentionally of an association of the state of New York, and contracted that he would abide by their by-laws and comply with all their rules and regulations. His subsequent application for a loan was entitled, " Application for loan from the Eastern Building & Loan Association of Syracuse, N. Y." He afterwards signed an application for an advance, addressed as follows, " To the Board of Directors of the Eastern Building and Loan Association of Syracuse, N. Y.," requesting the advance to be made, and again agreeing to comply with the charter and by-laws of the association and all requirements defined by the committee of the board of directors. Thereupon sixty-seven notes were prepared, sent to him for signature and signed by him in the following words: " On or before the last Saturday of March 1893 I promise to pay three and 17/100 dollars to the order of the Eastern Building & Loan Association of Syracuse N. Y. at its office in Syracuse, N. Y., value received.

" WILLIAMSPORT Jan. 2nd, 1893.

                                        " JOSEPH C. BENNETT."


When he gave his bond for the money loaned he obligated himself as follows : " I, Joseph C. Bennett am held and firmly bound unto the Eastern Building and Loan Association of Syracuse N. Y. in the sum of four hundred dollars, lawful money of the United States of America, to be paid to said Eastern Building & Loan Association of Syracuse, N. Y." etc. In the condition of the bond it is provided that if he pays to the association, repeating its name and place, $207.89 in sixty seven equal payments of $3.17 each, except three of $1.67

each, " payable monthly to said association at its office in Syracuse, N. Y. on or before the last Saturday of this and each and every month" etc. The mortgage, also executed by the plaintiff, repeats the name and designation of the defendant, and its place, recites the bond with its condition for making all the payments at the office of the company at Syracuse, New York, and then grants to the defendant, repeating its name and place, certain described land of the plaintiff situate in Lycoming county, Pa., with the usual proviso that if the payments are all made to the defendant, the bond and mortgage should become void.

Thus it will be seen that in every possible way in which the English language could express it, the plaintiff entered into a written contract with the defendant to pay it, in sixty-seven different payments, every one of which was to be made at the office of the defendant in Syracuse, New York, a designated aggregate sum of money. What is the use of discussing the question whether this was a contract to pay money in the state of New York? What is there to discuss? Nothing. No other place of payment is mentioned or can possibly be implied. This one place is positively expressed over and over again, and many times over, in solemn instrument signed and sealed by the plaintiff himself, and in sixty-seven different notes also signed by the plaintiff. It is a waste of time to discuss so plain a matter. The fact that the plaintiff lived in Pennsylvania and negotiated there with an agent of the defendant either for the membership or for the loan, is not of the slightest significance. The contract must be adjudged by its express terms no matter where the parties were when it was made. And when those terms are clear, explicit, involved in no doubt whatever, they must prevail, and it is the duty of the courts to enforce them according to their literal meaning. Nor is there the slightest ground for an allegation that the contract was made for the purpose of evading the usury laws of Pennsylvania. Who had such a purpose and what is the evidence of it? Did the plaintiff have it, and if so, did he communicate it to the defendant? If so, where is the evidence of it? There is none whatever. The defendant's business was transacted at its proper place of business in the state of New York. This business was a part of its regular business done in its usual way, and as a matter of course, the mere fact that this loan was made to a

citizen of Pennsylvania, cannot justify an inference that it was done with an intent to evade the laws of Pennsylvania. This business was done just as all its other business was done. The defendant had a lawful right to loan money wherever it pleased, and it would be most absurd to say that because it lent money to a Pennsylvanian it therefore intended to evade the laws of Pennsylvania. The Pennsylvanian had a right to borrow money in the state of New York if he chose to do so, and if he contracted to pay it in the state of New York he must be conclusively presumed to know that his contract would be governed by the law of that state. In all this there is not a shadow of an unlawful intent to evade the law of Pennsylvania. There was therefore nothing to submit to the jury on that question.

Judgment affirmed.