# German Trust Co. of Davenport v. Plotke, Appellant.

*Judgments—Foreign judgment—Appearance of attorney—Service—Personal service—Constructive service—Act of April 14, 1851, P. L. 612—Practice, C. P.—Counterclaim.*

1. In an action on a foreign judgment, where the certified record of such judgment shows that defendant appeared by attorney, presented a defense, and that a judgment was entered on a verdict against him, an affidavit of defense is insufficient which denies liability, and avers that no summons was served upon defendant in the suit in the foreign court, and that he has no knowledge of the claim upon which the suit was based.

2. In such case, if a counterclaim is set up in the affidavit of defense upon matters which should have been presented in the foreign court, it will be struck off.

3. Section 10 of the Act of April 14, 1851, P. L. 612, relating to suits on judgments of courts of another state, and service of process in the foreign jurisdiction, means simply that where service is depended on, it must appear as a personal, and not a constructive, service.

*Judgment—Foreign judgment—Reversal of foreign judgment—Audita querela—Writ of error coram nobis—Practice, Supreme Court—Appeals—Counterclaim—Act of May 14, 1915, P. L. 483.*

4. Where, after a judgment based on a foreign judgment has been affirmed in this State, the foreign judgment itself is reversed in the foreign jurisdiction, and a new trial allowed, the remedy is ordinarily by a writ of audita querela, or writ of error

coram nobis, but the better method to put the new fact on the record, is by motion on notice to the adverse party.

5. Ordinarily such motion would be made in the court in which the judgment was rendered, but where the parties agree to the fact, the appellate court itself has the power to make the proper order.

6. In such case, where defendant sets up a counterclaim, the appellate court will direct that the judgment be vacated, and the record remitted to the court below with direction to retain the action but to stay the proceedings on the counterclaim until such reasonable time as shall enable plaintiff to prosecute his claim in the foreign jurisdiction.

7. Such a proceeding is governed by equitable principles, and comity would seem to require a reasonable delay.

Argued March 28, 1922.    Appeal, No. 201, Jan. T., 1922, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1921, No. 2310, making absolute rule for judgment for want of a sufficient affidavit of defense and from order striking off counterclaim, in case of German Trust Co. of Davenport, Iowa, Trustee for German Savings Bank of Davenport, Iowa, v. John B. Plotke. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ.  Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to strike off counterclaim.

MARTIN, P. J., filed an opinion as follows:

Suit was instituted to recover the amount of a judgment entered in the Circuit Court of Cape May County, New Jersey. A certified copy of the proceedings in New Jersey was attached to the statement of claim.

An affidavit of defense was filed, which denied liability and averred the summons in the New Jersey case was not served upon defendant, and that he has no knowledge of any of the claims upon which the suit is based.

The certified record shows that defendant appeared by attorney and presented a defense to the claim, which was submitted to a jury; that a verdict was rendered against

him in favor of plaintiff, and judgment was entered accordingly.

The object of a summons is to give defendant a day in court and afford an opportunity to present a defense. Any objection that might have been raised by reason of the failure to serve defendant with a summons was cured by his appearance through counsel and the presentation of his defense.

As an exhibit to the statement of claim in the New Jersey case there is a contract, by the terms of which defendant agreed to purchase from plaintiff the land therein described. There is an averment of default on the part of defendant; and the verdict rendered in the New Jersey court sustained this averment.

In the affidavit of defense filed in the present case an attempt is made to set up as a defense facts that either were or could have been presented as matters of defense in the New Jersey suit; and, in the counterclaim, defendant endeavors to retry the New Jersey case in this jurisdiction.

By appearing......in New Jersey, pleading and defending on the merits, without objecting that he was not properly in court, defendant waived any right that he might have had to attack collaterally, in the present proceeding, the judgment entered in New Jersey.

The affidavit alleges that an appeal was taken to the judgment of the New Jersey court; but there is no averment that the judgment was modified or reversed, that the appeal acted to stay proceedings, or that it affected the validity of the judgment, which is not subject to attack in this jurisdiction.

The judgment entered in New Jersey was rendered by a court of competent jurisdiction. It must receive full faith and credit as to all matters in controversy, and which, with proper diligence, might have been interposed as a defense in the original action: Hunt v. Snyder, 261 Pa. 257.

Opinion of Court below—Opinion of the Court. [274 Pa.

The affidavit of defense filed in this case is insufficient to prevent the entry of judgment.

The counterclaim presents demands proper to be presented in the New Jersey case, and should therefore be struck off.

The rule for judgment for want of a sufficient affidavit of defense, and the rule to strike off the counterclaim are made absolute.

Defendant appealed.

*Errors assigned* were orders, quoting them.

*Hugh Roberts,* for appellant, cited: Shilling v. Seigle, 207 Pa. 381.

*Benjamin L. Rubinsohn,* for appellee, cited: West v. West, 19 Pa. Dist. R. 268; Merchants Ins. Co. v. DeWolf, 33 Pa. 45.

PER CURIAM, April 24, 1922:

The judgment and order here appealed from are affirmed on the opinion of the learned court below, a copy of which is printed above. We need add only that section 10 of the Act of April 14, 1851, P. L. 612 (which provides, "If the record of a judgment of another state does not show that personal service, of the notice or process by which the suit was commenced, upon which said judgment was obtained, was made in such foreign state, it shall be sufficient to maintain a plea to the jurisdiction of the court in which said judgment was rendered"), means simply that where service is depended on, it must appear as a personal, and not a constructive, service.

Judgment and order affirmed.

Motion for reargument.

PER CURIAM, September 25, 1922 :

The judgment in this case was obtained on the exemplification of a judgment recovered in New Jersey; after the former judgment was affirmed, by us, a motion for reargument was made, alleging that the court of errors and appeals of the foreign state had reversed the judgment of its lower court and awarded a new trial. This was admitted by appellee, and it necessarily follows that it would be useless for us to order a reargument, and also that the judgment in this State must be reversed.

Originally the remedy in such cases was by a writ of audita querela or a writ of error coram nobis. "Both of these forms of proceedings are allowed in our practice (though seldom used), and therefore the parties may resort to them......Perhaps, the new fact might be put upon the record without this form; we know not why the parties may not agree to it" : Merchants' Ins. Co. v. De Wolf, 33 Pa. 45, 46.

"Wherever audita querela would have been available at common law, as a general rule, relief may now be obtained on motion......[and] ordinarily the better practice is to proceed by way of motion upon notice to the adverse party" : 2 R. C. L. 1162-3. To the same effect is 6 C. J. 851; and in Harper v. Kean, 11 S. & R. 280, 290, this course is said, probably erroneously, to be "necessary to us."

While, usually, a writ "is directed to the court in which the judgment was rendered and where the record remains" (6 C. J. 855, 6), yet where, as here, the parties agree to the fact that the original judgment has been reversed (Merchants' Ins. Co. v. De Wolf, supra) this court has itself the power to make the proper order : Summers v. Kramer, 271 Pa. 189, 197-9.

Apparently both parties agree with the conclusions thus far stated; but appellant claims that our order should be so drawn as to permit him to proceed with his counterclaim. For this contention he relies upon sec-

tion 14 of the Practice Act of May 14, 1915, P. L. 483, 485, which provides that "If in any case in which the defendant sets up a counterclaim the action is discontinued, dismissed, or a voluntary nonsuit suffered, the counterclaim nevertheless may be proceeded with."

The original action in the New Jersey courts was for a balance of the purchase price of land, alleged to be due by defendant to plaintiff, and for taxes and assessments on the land, which, by the contract of sale, the defendant agreed to pay. The counterclaim is for the recovery of the money said to have been paid and for damages for plaintiff's alleged failure to carry out the contract. It necessarily follows that if plaintiff finally recovers in the New Jersey courts, the decision in its favor will be conclusive of the counterclaim, for it will determine that plaintiff complied with the agreement and defendant did not; indeed, naturally such a demand would have been set up in that court, wherein defendant voluntarily appeared at a time long before the averment of his counterclaim here. While, perhaps, he was not required to plead his counterclaim there, and while also there may be no law compelling the courts of this State to await the determination, by a sister state, of the same question raised in both tribunals, nevertheless where, as here, the proceeding is governed by equitable principles (Harper v. Kean, supra) comity would seem to require a reasonable delay to enable the issue to be determined in the court which first had jurisdiction of both the parties and subject-matter. We will order accordingly.

The motion for a reargument is dismissed, the judgment in favor of plaintiff is vacated, and the record is remitted to the court below with direction to retain the action but to stay proceedings upon the counterclaim of defendant until such reasonable time as shall enable plaintiff to prosecute its claim in the Cape May County Circuit Court in the State of New Jersey, with leave to extend the stay if justice and equity shall so require.