# Casper v. Mulone-Minneci Fruit Co., Appellants.

*Judgments—Foreign judgments—Counter-claim.*

On a rule for judgment for want of a sufficient affidavit of defense, to a suit on an exemplification of the record of a suit brought in Illinois, the defense set up was a counter-claim. It also appeared that the subject of the counter-claim had been specifically pleaded in the action in Illinois and that no reason had been indicated why the remainder of it could not with equal propriety have been set up there as a bar or counter-claim. The defense made in Illinois, or which might have been made in Illinois, as part of the same transaction, cannot be made in Pennsylvania after it had been adjudicated in Illinois. The affidavit of defense was, therefore, insufficient.

Argued April 26, 1926. Appeal No. 159, April T., by defendants, from judgment of C. P. Allegheny County, July T., 1924, No. 407, in the case of G. A. Casper v. Frank Mulone and John Minneci, doing business as Mulone-Minneci Fruit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

344       CASPER *v.* MULONE et al., Appellants.

Assumpsit for commissions. Before Rowand, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*C. F. Patterson,* and with him *John M. Redden,* of *Redden & Weddell,* for appellants.

*A. B. Churchill,* and with him *R. T. M. McCready,* for appellee.

Opinion by Linn, J., July 8, 1926:

This appeal is from judgment for want of a sufficient affidavit of defense in a suit on an exemplification of the record of a judgment recovered by the plaintiff in a state court in Illinois. The learned counsel for appellant, who was not in the case until after the appeal to this court was taken, very properly conceded at the oral argument (German Trust Co. v. Plotke, 274 Pa. 483) that the constitutional requirement of full faith and credit eliminated from our consideration the question of jurisdiction of the Illinois court sought to be raised in the affidavit, and limited the point for consideration here to whether an alleged set-off and counter-claim could be made in the court below. Without considering appellee's criticism that the counter-claim is not well pleaded, we are of opinion that its subject matter was such an integral part of the transaction which was the basis of the suit in Illinois, that it must have been set up there to be available, and that in fact, it was there pleaded.

The exemplification of the Illinois judgment shows that plaintiff averred that he had been employed by

defendants to obtain contracts on their behalf for
the purchase of peaches, for which services (with
inspection, etc.) defendants' had agreed to pay him
15¢ a bushel; that after contracts for 14,000 bushels
had been obtained, defendants had defaulted and that
he was entitled to his compensation earned. To that
claim, defendants pleaded that they had engaged
plaintiff to make contracts on their behalf for the
purchase of peaches and that plaintiff had made such
contracts and had paid on account thereof $3,450,
but that plaintiff did not have all the peaches packed
and loaded so that they could be shipped to defend-
ants and that defendants never received them, by which
breach of plaintiff's contract with them they had
sustained losses to be taken account of in that suit.

Defendants appeared by counsel who participated
in the trial; plaintiff obtained judgment for $1,657.50.

In the present suit the counter-claim proposed to
be made, avers that plaintiff owes defendants $2,766
on the same transaction, and recites seven transac-
tions in detail, all of which had been itemized in the
plea in the Illinois suit as contracts obtained by plain-
tiff and for which a payment of $3,450 was made.
Appellants aver that plaintiff accepted delivery on his
own account of 1,383 bushels of peaches so purchased
for defendants and thereby converted them to his
own use, and also that the growers were unable to
deliver the balance contracted for of the quality con-
templated by the parties and that defendants for that
reason refused to accept them. It is obvious there-
fore that the subject of the counter-claim had been
in these particulars specifically pleaded in the action
in Illinois, and no reason has been indicated to us
why the remainder of them could not with equal
propriety have been set up there as a bar or counter-
claim. The defense made in Illinois, or that might

have been made in Illinois as part of the same transaction, can of course not be made here after it has been adjudicated there: German Trust Co. v. Plotke. supra; Hunt v. Snyder, 261 Pa. 257, 259.

Judgment affirmed.