Ratterree, Appellant, v. Schonhardt.

Argued April 20, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William H. Burd,* for appellant.

*Walter E. Glass,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

The plaintiff seeks to recover from the defendant in an action of assumpsit the sum due by virtue of a judgment recovered against him originally in the court of common pleas of Drew County, Arkansas. The defendant admittedly was properly served. The defendant did not appear. The following is part of the Arkansas record: "whereupon the plaintiff files the original promissory note upon which his suit is in part founded, and introduces testimony proving all the allegations of his complaint, and the court being well and sufficiently advised in the premises doth find:" etc., and entered the judgment August 3, 1925. This was followed by a petition on the part of the defendant to vacate the judgment entered setting out the fact, that on the day suit was brought, plaintiff assured him that the suit was brought for $100, that if he would pay said sum and interest it would be accepted in full for all claims and demands against him; said statement being made fraudulently and with intent to deceive him; that after the judgment was entered he sent $106 to the lawyers of the plaintiff, which was all the amount that was due. The plaintiff responded denying the adverse statements, but admitted the payment of $106, and alleged that this was merely a part payment of the judgment, and that the defendant was aware that he owed the balance still due. The matter came to trial before the court, the case being submitted on the depositions of the defendant and three of his witnesses and upon the testimony taken in open

court of the plaintiff and three witnesses, and the court, after being advised both as to the law and evidence, over-ruled the motion and dismissed the petition. This was followed by an appeal to the circuit court of Drew County, and the case was again heard upon depositions submitted by the defendant, and upon the testimony of the plaintiff and his witnesses, and the court being well and sufficiently advised upon the law and evidence, denied the petition, whereupon, the petitioner prayed for an appeal to the Supreme Court of Arkansas, which prayer was granted; 90 days being allowed to perfect the appeal, and this appears to be the end of the proceedings in Arkansas.

The defendant now interposes the same defense claiming an accord and satisfaction which took place before the judgment was entered, and that as to this the Arkansas judgment is not res adjudicata.

The lower court submitted the question to the jury, instructing it that there had been an accord and satisfaction, if the plaintiff Ratterree understood that he was yielding up all his claim in consideration of the $106. The jury found in favor of the defendant's contention. This the jury could very well do if the submission of the question to them was proper, but we are all of the opinion that the judgment of the Court of Arkansas is res adjudicata of the matter in controversy, and that its introduction as a defense in this present case was improper. "The general rule is that a judgment of a court of competent jurisdiction is final and conclusive and must be given full faith and credit in other jurisdictions as to all matters in controversy, or which with proper diligence might have been interposed as a defense in the original action": Hunt v. Snyder, 261 Pa. 257 and authorities there cited. "It is also equally well settled that a judgment is conclusive only in so far as responsive to the pleadings, and consequently in an action brought upon a judgment of

another state evidence may be offered to show the subject-matter involved: Casper v. Mulone-Minnecia Fruit Co., 88 Pa. Superior Ct. 343; German Trust Co. v. Plotke, 274 Pa. 483; Commonwealth v. Kelly, 287 Pa. 139." Ib.

The learned trial judge, stated, "In the present case, there was no trial (in Arkansas) upon the merits, and the defendant's contention here is that there was an accord and satisfaction as a result of the agreement made after suit brought but before judgment and satisfaction of this agreement after judgment by default entered. The fact that the Court of Arkansas refused to strike off the judgment by default on an allegation of the same facts as the defense presented here to defeat the judgment is not res adjudicata of the matters set up in the petition to strike off the judgment because the court had the power to refuse to strike off or open the judgment for any reason it might see fit, without considering the merits of the petition in any way. It was purely a discretionary matter, and not a decision which the court was bound to make upon the merits of the controversy, and where two possible grounds for decision exist and the record does not show upon which the case is decided, it is not res adjudicata as to any facts: Lentz v. Wallace, 17 Pa. 412. We, therefore, are of the opinion that the contention of the plaintiff that the matters in suit are res adjudicata is not well taken."

We have given a rather full account of the proceedings in the State of Arkansas, and do not share the view of the lower court that there was no decision upon the merits. The first judgment was entered ex parte. The only point at issue in the proceedings to open was that of accord and satisfaction. The defendant submitted himself to a court who had jurisdiction of the subject-matter, and over the persons of the litigants, and presented proof in support of his

contention, and continued his effort through two courts, and was in a position to continue it to the highest court of the State, and having lost, after the matter is decided against him, seeks again to reopen it in the courts of this State. This he cannot do. Benton v. Burgot, 10 S. & R. 240: Motter v. Welty, 2 D. R. 39 and cases therein cited.

The case of Potter v. Hartnett, 148 Pa. 15, relied upon by the court, differs materially from the one we are considering. In that case during the pendency of the suit no agreement was made in settlement of the controversy between the parties thereto, but it was contracted that if after the entry of the judgment, the defendant would enter into the employ of the plaintiff, such act would constitute a sufficient consideration for the liquidation of the judgment. The consideration passing was a contract for personal services to be performed, after the judgment was entered, and it was not a compromise of the judgment, or in the nature of an accord and satisfaction, but the judgment was apparently merely taken as security that the defendant would enter into the employ of the plaintiff. The present case presents an entirely different state of facts. This is an allegation of settlement before the judgment was entered. Only defenses arising since may be set up. Savage v. Everman, 70 Pa. 315. Anything that occurred before that time was settled by the entry of the judgment, and the defendant's obvious remedy was to pray for its opening, just as he did. When this was denied after full hearing of the proofs of the parties, the matter was ended.

The trial judge instructed the jury that if they found in favor of the plaintiff they should allow interest only at 6%, the legal rate in Pennsylvania instead of 10% as provided for in the original note of $800, which latter rate is allowed in the State of Arkansas, where the note was given. Our courts have

taken a contrary view. Interest is payable, "according to the law of the place where the contract is made unless payment is to be made elsewhere." Clark v. Searight, 135 Pa. 173; Campbell v. Hunt, 60 Pa. Superior Ct. 332; Parce v. Ely, 51 Pa. Superior Ct. 196.

The plaintiff's claim is $842.79 plus interest at 10% from November 27, 1926 to date, July 13, 1932 amounting to $474.30 or a total of $1,317.09.

Judgment is here entered in favor of the plaintiff and against the defendant for $1,317.09.