THORP et al. v. AMERICAN AVIATION & GENERAL INS. CO. et al.

No. 11383.

United States District Court
E. D. Pennsylvania.

July 13, 1953.

Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., for plaintiffs.

Horace Michener Schell, Philadelphia, Pa., for defendants.

GRIM, District Judge.

After a fire had destroyed plaintiffs' motion picture theatre and its contents in New Jersey, plaintiffs and defendants could not agree on the amount of the loss for fire insurance purposes. Plaintiffs brought suit on six insurance policies issued by the six defendant insurance companies. These con-

tracts both were made and were to be performed in the State of New Jersey. After the jury had made special findings in response to interrogatories which were submitted to it, judgment was entered in favor of the plaintiffs and against the defendants in a sum totalling $60,950.42. This included no interest. Plaintiffs have filed a motion to amend the judgment to add interest thereto from the time of the fire to the date when the jury made its findings.

In diversity of citizenship cases the federal courts, when deciding questions of law, must follow the conflict of laws rules prevailing in the States in which they sit. Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Therefore, this Court, sitting in Pennsylvania, must follow the conflicts rules applied by the Pennsylvania State Courts. In Pennsylvania it has been held that questions of interest are substantive and are to be determined by the law of the State where the contract was to be performed. Bennett v. Eastern Building & Loan Ass'n, 1896, 177 Pa. 233, 35 A. 684, 34 L.R.A. 595; Ratterree v. Schonhardt, 1932, 105 Pa.Super. 321, 161 A. 461; Restatement, Conflicts, Sec. 418. It is clear, therefore, that in the present case, where the contracts were made and were to be performed in New Jersey, reference is to be made to the New Jersey law governing the allowance of interest in actions for breach of contract. It should be noted that this case does not involve the relatively simple situation where the allowance of interest or the rate of interest is an express or implied term of a contract. The present case, where the contracts do not provide for the payment of interest, concerns the question of the obligation to pay interest in the nature of damages for the delay in payment of an unliquidated claim on an insurance policy.

"Generally, interest is not allowed upon unliquidated damages. * * * But when necessary in order to arrive at fair compensation, the court in the exercise of a sound discretion may include interest or its equivalent as an element of damages." Miller v. Robertson, 1924, 266 U.S. 243, 258, 45 S.Ct. 73, 78, 69 L.Ed. 265. To the same effect, see Restatement, Contracts, §

337(b) and Restatement, Restitution, § 156 (c). "The rule permitting an award of interest 'in the discretion of the court' is one of general recognition." Continental Oil Co. v. United States, 9 Cir., 1950, 184 F.2d 802, 822. "Unless a case be found which is a conclusive authority establishing a precedent, the safest way for a court of law or equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing. * * * It should be borne in mind that the whole tendency of courts of law and courts of equity for a considerable period of time has been to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case." Brown v. Home Development Co., 1941, 129 N.J.Eq. 172, 177–178, 18 A.2d 742, 746.

There is no doubt in my mind that there was an honest difference of opinion among the parties in this case about the amount of the loss and the amount due under the fire insurance policies. For this reason, I see no reason to award interest as a penalty for withholding payment. However, to financial institutions (like banks), and to semi-financial institutions (like insurance companies) which derive much of their income from interest or capital gains on investments, money is the means through which income is derived. All the time the defendant insurance companies have been withholding payment they have had the use of the money due to the plaintiffs with the consequent possibility of realizing income therefrom. At the same time plaintiffs have not had the use of the money and have not had the opportunity to derive income from it. Under the circumstances, it would not be fair and just to refuse an allowance of interest to the plaintiffs. In my opinion, the defendants should pay interest at the rate of three per cent per annum from the time of the fire on February 9, 1950, to the time of the findings by the jury on December 11, 1952. In the exercise

of the discretion which I appear to have,[1] I will grant plaintiffs' motion to amend the judgment and award interest at three per cent per annum from February 9, 1950 to December 11, 1952, when the plaintiffs submit to me a form of an order amending the judgment accordingly. Interest on the amended judgment will run from December 11, 1952 at the legal rate. (See 28 U.S.C. § 1961).

---

1. The discretionary power to award interest would also appear to give me the power to determine the rate of interest to be awarded up to the legal rate.