## Melvin v. Better Brands of Illinois, Inc.

*John McDowell Sharpe, Jr.,* for plaintiffs.

*John W. Keller,* for defendant.

DEPUY, P. J., July 16, 1964.—On April 12, 1962, plaintiffs, Burton F. Melvin, Jr., and Mildred E. Melvin, residents of Delaware, obtained letters of administration on the estates of the other plaintiffs in the office of the Register of Wills of Kent County, Del.

On March 20, 1963, the several plaintiffs instituted an action against defendant corporation in the United States District Court for the Northern District of Illinois to recover damages on behalf of surviving relatives of decedents arising from a certain automobile-truck collision which occurred in the Tuscarora Tunnel of the Pennsylvania Turnpike on April 9, 1962.

On April 6, 1964, the same plaintiffs, by praecipe, instituted suit in the Court of Common Pleas of Franklin County, Pa., against the same defendant to recover damages on the same cause of action as that pending in the United States District Court in Illinois. Substituted service was obtained upon the Secretary of the Commonwealth at Harrisburg.

On May 1, 1964, defendant filed its praecipe for rule on plaintiffs to file their complaint within 20 days.

On May 25, 1964, plaintiffs, on petition, obtained a rule from this court upon defendant to show cause why a stay should not be granted in the suit here until such

time as the issue in Illinois should have been determined. Plaintiffs' petition averred that the suit in Pennsylvania was brought in order to preserve plaintiffs' rights, in event the action in Illinois should, because of a decision not on the merits, result unsuccessfully to plaintiffs.

Defendant filed its answer to the petition for stay. The answer, among other things, denies that plaintiffs' averment of their reason for instituting an action in Franklin County is material or relevant, and avers there is absent any legitimate factual allegation in plaintiffs' petition which will justify maintenance of the same cause of action in two jurisdictions, and says no reason is shown which will allow this court to grant an indeterminate stay such as prayed for by the petition.

The case has been argued and briefs submitted.

Defendant might well have argued on the broad principle that a plaintiff, once having started a suit in any court, is bound, barring some excellent reason, to pursue it diligently to a conclusion. But defendant rests its argument here specifically on the point that defendant, being on notice now that this action has been commenced here by summons, is inordinately curious to know what the complaint will contain, what witnesses it will be necessary to obtain, and has a right to insist that the complaint be filed without further delay.

Defendant says that the existence of another suit in what is reportedly the same cause of action, already filed in the United States District Court at Chicago, does not allay defendant's apprehensions as to what the complaint in the present cause of action may ultimately contain, and defendant wants at once to know the contents of this complaint.

At the argument, plaintiff represented that the suit in Illinois is proceeding toward a conclusion, and that

a pretrial conference was held there on April 27, 1964. But, having in mind the delays known to exist in the State and Federal courts in the great cities, including Chicago, there seems no guarantee of an early conclusion in the litigation there.

In any event, we cannot be governed by the vagaries of that litigation. We must apply some intelligent rule based on reason and law to the problem here. In the present case, we see no essential reason why defendant should be deprived of the benefit of the ordinary reasonable expectation that, a law suit having been begun, it will be carried forward with diligence, especially after demand has been made, under the terms of Pennsylvania Rule of Civil Procedure 1037(a), that a complaint be filed. This principle was followed in Sloman v. McCarthy, 56 Schuyl. 13 (1960), in an opinion by President Judge Curran.

We are told the opposite result was reached in York County in Estate of Wilbur L. Young v. Sullivan and Heidelbaugh, Court of Common Pleas, May term, no. 501 (unreported).

Defendant's argument on the specific question here is that no authority can be found for the principle that a plaintiff, having already commenced a law suit in another court, State or Federal, can commence an additional suit on the same cause of action in a second court, can impose upon a defendant there the expense of retaining counsel, can omit filing any pleading defining its claim, and then can obtain an order indefinitely postponing the day when such a claim will be filed and still require defendant to remain indefinitely in a state of readiness to defend.

Not especially relevant to the present problem is the fact that, under the usual experience of the courts, where there are two suits filed on the same cause of action, initiative for obtaining a stay usually comes from defendant, rather than from plaintiff.

In Thompson v. Fitzgerald, 329 Pa. 497, opinion by Mr. Justice Stern, it was recognized that in a cause of action seeking a personal judgment in damages, the bringing of suit in one court does not bar simultaneous suit in another court on the same cause, that whichever suit is first concluded should have the effect of res judicata, and that there is no good reason for granting a stay as to either. The same question was commented on in Arny v. Philadelphia Transportation Co., 163 F. Supp. 953 (1958).

Plaintiffs rely here on the principle discussed in 19 A. L. R. 2d 301, and 56 A. L. R. 2d 335, as follows:

"However, the rule that the pendency of a foreign action does not constitute a bar to or ground for abatement of an action at the forum, does not, in proper circumstances, preclude the court of the forum in which the second action is brought from continuing or staying the progress of that action in the foreign state": 19 A. L. R. 2d 306.

But there appears no clear rule for a court in our situation to follow where a plaintiff seeks a court order permitting him to stay a second suit which he himself has commenced. Certainly, a plaintiff should show to the court a bona fide reason of urgent nature to justify a court order for such a stay, whereby defendant would remain indefinitely hanging on a string. Plaintiffs point to German Trust Co. of Davenport v. Plotke, 274 Pa. 483, where the court exercised such a power in connection with a New Jersey suit.

We cannot fail to sympathize with the expressed interest of plaintiffs in saving this court from unnecessary and vexatious litigation and in emphasizing the need for comity among the courts. But viewing the whole problem, we think the balance is in favor of defendant in light of the fact that plaintiffs are the ones who, in the first place, brought defendant into court in the present suit.

Now, July 16, 1964, the rule granted May 25, 1964, is discharged, costs to abide the event. Plaintiffs are directed, pursuant to praecipe filed, to file a complaint within 20 days of the date of this order or suffer judgment of non pros. Exception granted to plaintiffs.