**DONALD ALFRED GRAY ASSOCIATES, INC.**

v.

**COMMONWEALTH CORPORATE DEVELOPMENT CO., INC., et al.**

Civ. A. No. 68–1752.

United States District Court,
E. D. Pennsylvania.

July 18, 1973.

Joseph V. Restifo, Philadelphia, Pa., for plaintiff.

Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

BRODERICK, District Judge.

On December 16, 1971, this Court, *inter alia*, ordered the following:

. . . that judgment be entered on plaintiff's claim in favor of plaintiff, Donald Alfred Gray Associates, and against defendants, Harris Shapiro and Commonwealth Corporate Development Co., Inc. in the amount of $175,000.00 with legal interest thereon from September 1, 1968.

The case was appealed, and on April 19, 1973 the Court of Appeals issued the following Order:

ORDERED AND ADJUDGED that the judgment of the district court is affirmed. We will remand the case to the district court for its determination of the rate of interest to be applied in computing the pre-judgment interest due.

The Findings of Fact accompanying the Order of December 16, 1971 may be summarized as follows:

Plaintiff was a corporation engaging in business as a merger and acquisitions broker. Its primary function was to introduce a company that wanted to be sold to a company that wanted to buy. Modern Teleservice, Inc., engaged plaintiff to procure a purchaser for its assets. Plaintiff thereafter met with Harris Shapiro, (who at a later date incorporated a company in which he was the sole shareholder, Commonwealth Corporate Development Co., Inc.) the defendant, and gave Shapiro information about several businesses which were available for purchase. Included among these businesses was Modern Teleservice, Inc. Plaintiff and Shapiro thereupon entered into an oral agreement whereby if Shapiro found a buyer for plaintiff's client, the two would share equally in the commission arising out of the sale. On June 9, 1967, Modern Teleservice, Inc. terminated its relationship with plaintiff. Whereupon, Shapiro found a buyer for Modern Teleservice, Inc. and Commonwealth Corporate Development Co., Inc., and collected the commission. Plaintiff sued Shapiro and Shapiro's corporation on the ground that Shapiro was obligated under their oral agreement to split the commission. Since the agreement had been entered into in the State of New York, that state's substantive law was applied to determine the enforceability of the contract. The Court found a valid contract under which defendants were liable to the plaintiff in the amount of $175,000 plus legal interest thereon from September 1, 1968. The question now before the Court is under which law—New York or Pennsylvania—should the rate of interest be computed for the period from September 1, 1968 to the date of the judgment.

New York law was applied in determining the enforceability of the contract [1] and was held to control the question of whether the oral contract between the parties was unenforceable by virtue of the Statute of Frauds. The parties, however, did not stipulate that

---

1. The parties agreed that since all the operative facts concerning this oral agreement took place in New York, New York law would apply. See Findings of Fact, Conclusions of Law and Order, p. 9, n. 2 and accompanying text.

New York law would determine the rate of interest to be applied from the date any money became due until the date of judgment.

 A federal district court must apply the conflict of law rule of the state in which it is sitting. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has adopted the Restatement, Conflict of Laws view that "The rate of interest allowed as part of the damages for breach of contract is determined by *the law of the place of performance.*" Restatement, Conflict of Rules § 418 (1934); Thorp v. American Aviation & General Insurance Co., 113 F.Supp. 764, 765 (E.D.Pa.1953), rev'd on the other grounds, 212 F.2d 821 (3rd Cir. 1954); Ratterree v. Schonhardt, 105 Pa.Super. 321, 161 A. 461 (1932). (Emphasis added).

 The final issue, therefore, is where was the place of performance. Under the contract, defendant promised to share commissions equally with the plaintiff if the defendant found a buyer for any companies disclosed to him by the plaintiff. Thus, the sharing of commissions was the contemplated performance under the terms of the oral contract. The agreement was silent as to where tender of performance or payment by the defendant was to be made. What *is* known is that individual defendants were domiciliaries of Pennsylvania and the corporate defendant had its principal place of business in Pennsylvania at the time of the breach of the contract. But the contract was entered into in New York. Under these circumstances, it has been held that where a contract is made outside the state in which the promisor resides, and it does not, either by express terms or by fair implication, provide where it is to be performed, it will be presumed that the parties intended that it be performed at the place where it was made. Allshouse v. Ramsay, 6 Whart. 331 (1841). So, here, where the parties entered into the contract in New York and failed to set forth a specific place of performance, it will be presumed that the parties intended it to be performed, i. e., payment to be made, in New York. Moreover, even in the absence of the authority cited, this Court finds from the evidence presented (the contract was entered into in New York induced by an advertisement placed by the defendants in the Wall Street Journal; the negotiations took place in New York; the sale of Modern Teleservice was a New York transaction) that the parties intended New York to be the place of performance. New York law, therefore, governs the rate of interest to be applied in computing the pre-judgment interest due.

The legal rate of interest in New York prior to July 1, 1968 was six (6%) percent. From July 1, 1968 to February 15, 1969 the rate was seven and one-quarter (7¼%) percent; from February 16, 1969 until September 1, 1972, the rate was seven and one-half (7½%) percent. Rachlin & Co. v. Tra-Mar Inc., 33 A.D.2d 370, 308 N.Y.S.2d 153 (1970); General Regulation Part 4 of the New York Banking Board, Section 4.1, quoted after Section 5–501 of the New York General Obligations Law, 23A McKinney's Consolidated Laws, C. 24–A, Section 5–501. Accordingly, these rates applied to the principal amount due of $175,000 is $43,002.75. The total award as of December 16, 1971 (date of judgment) is $218,002.75.

Accordingly, the following Order is hereby entered:

### ORDER

Pursuant to the mandate of the Court of Appeals, the Order of this Court dated December 16, 1971 is amended to read:

And now, this 18th day of July 1973, it is hereby ordered and decreed that judgment be entered on plaintiff's claim in favor of plaintiff, Donald Alfred Gray Associates, and against defendants, Harris Shapiro and Commonwealth Corporate Development Co., Inc., in the amount of $218,002.75.

It is further ordered and decreed that judgment in favor of the defendants and against plaintiff, Donald Alfred Gray Associates, Inc., be entered in the amount of $6,000.00 on defendants' counterclaim.

Each party to bear his own costs.

It is further ordered and decreed that Civil Action No. 70–2837, wherein Donald Alfred Gray is the plaintiff, be dismissed.